ADJUDGED IN

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY,

### FROM FEBRUARY TERM, 1852, TO OCTOBER TERM, 1858.

BENJAMIN WILLIAMSON, ESQ., ORDINARY.

PETER S. CONOVER, appellant, *vs.* ALFRED WALLING and others, respondents.

A person to whom property is struck off at a sale made by commissioners appointed by the Orphans Court in proceeding for partition acquires a right which the court is bound to protect. Such bidder has a right to have a deed for the property, unless for good cause the sale be set aside.

If the court, without good cause, set aside the sale, such bidder is a *party aggrieved* by an order of the Orphans Court, and as such is entitled, by the constitution of this state, to an appeal to the Prerogative Court.

*William L. Dayton,* for appellant.

*P. Vredenburgh,* for respondents.

THE ORDINARY. An application having been made to the Orphans Court of the county of Monmouth for a partition of the real estate late of John M. Holmes, deceased, under the act entitled "an act for the more easy partition of lands held by coparceners, joint tenants, and tenants in common," such proceedings were had therein, under and in pursuance

of the said act, that the respondents, who were the commissioners appointed by the court, were ordered to make sale of the said real estate.

The land was sold in two parcels by the commissioners, one of which was struck off to Daniel H. Ellis, for the sum of $18,375, and the other to Peter S. Conover, the appellant, for $12,500. The appellant signed the conditions of sale, and paid to the commissioners ten per cent., as required.

The commissioners made their report of sales to the Orphans Court. Objections to confirming the sales were made, on behalf of parties interested, and after hearing the appellant and the parties objecting, and their evidence, proof, and allegations, the said Orphans Court, at the term of December last, did order, adjudge, and decree that so much of said report of sales as applied to the part sold to Daniel H. Ellis should be confirmed, and that so much thereof as applied to the part sold to the appellant should not be confirmed, but set aside and for nothing holden.

From this order of the Orphans Court Peter S. Conover appealed to this court.

A motion is made to dismiss this appeal, on two grounds— 1, that the appellant is not a party aggrieved, and therefore has no right to appeal; 2, that the order is not one from which an appeal can be taken.

The right of appeal from an order or decree of the Orphans Court to the Prerogative Court is given by the constitution in these words: "All persons aggrieved by any order, sentence, or decree of the Orphans Court may appeal from the same, or from any part thereof, to the Prerogative Court; but such order, sentence, or decree shall not be removed into the Supreme Court or Circuit Court if the subject matter thereof be within the jurisdiction of the Orphans Court."

It is insisted that the appellant has no rights which were affected by this decree; that he has no interest in the property, and that he is in no wise aggrieved by the order of the Orphans Court. That the commissioners were the mere auctioneers of the court, commissioned by the court to ascertain

who would give the highest price for the property, and then to make report of that fact; that the appellant made his offer, and agreed to take the property at a certain price, provided the court would consent.

If this be the correct view of these sales, and the court should declare such to be the law, it will tend greatly to embarrass the proceedings under this statute. If a person making the highest bid, and to whom the property is *bona fide* struck off, acquires no rights; and if his bid is to be considered a mere offer by which he is bound, but which at a future period is to be accepted or rejected by the court at their mere will and pleasure, the natural tendency will be to discourage bidders, and depreciate the price of property at these sales. If it is not a legal discretion the court is to exercise, but if it is to look upon the bid merely as an offer made for the property, why is not the court bound at all times to set the sale aside, as a matter of course, if at any time before approval a better offer is made for the property?

If the court stands merely in the place of, and representing the owners, and in no other capacity, as was insisted upon at the argument, no one could complain of any unfairness in their pursuing such a course, and in fact their duty to the owners of the property would require them to do it.

These sales are made universally upon certain conditions, dictated by the commissioners under the advice and authority of the Orphans Court. One of the conditions always is, and it was one of this sale, that the highest bidder shall be the purchaser. He acquires, when the property is struck off to him, and he is declared the purchaser by the commissioners, a right not complete but inchoate; and that right is to have the court approve the sale, and to have a deed for the property, unless for good cause the sale should be set aside. If this right exists, and the court without good cause set aside the sale, and by their order and decree deny him this right, he is a person aggrieved by an order of the Orphans Court, and by the constitution has an appeal to the Prerogative Court. If he cannot strictly be considered a party to

the proceeding in court, still he is a person aggrieved, and as such has a right to appeal.

When, in analogous cases, a right of appeal has been given, that right has been so extended. It is not necessary that the person who appeals should be actually a party to the record, provided he has an interest in the question which may be affected by the decree or order appealed from. And again, " It has also been determined by the House of Lords that a purchaser under a decree, though no party to the suit, may appeal from an order setting aside the bidding, and ordering a new sale before the master." 3 *Dan. Ch. P.* 99, and cases there referred to.

The order of the Orphans Court determined all the rights of this appellant, and if he cannot take this appeal he is without remedy.

But it was further insisted that the matter determined upon by the Orphans Court was one submitted entirely to their discretion, and cannot be reviewed; that the statute made it a matter of conscience with the individual members of the court, and requires the court to *approve* the sale before it is valid. The provision of the statute, to be found on page 106, § 17, is, " That if the court, to which the report of the sale of such land or real estate shall be made as aforesaid, shall approve of such sale, it shall confirm the same as valid and effectual in law."

But is not the court bound by law and in conscience to approve it, if there is no good cause for refusing? And if they mistake the law in the discharge of their duty in this respect, has the party aggrieved no redress? They ought to approve it, unless there exists some good cause for their refusing. It is not an arbitrary exercise of power committed to them, but it is a matter of judgment and of legal discretion.

If the word " approve" was *not* in the statute they ought not to confirm the sale, if in their *judgment* the proceedings had been illegal, or if through any fraud, mistake, or accident the property had not been fairly exposed to sale.

I presume such has been the case in the sale we are considering. It appears that the Orphans Court had evidence and proof before them, upon which their judgment was satisfied that the sale had not been conducted according to law, and was accordingly set aside. But this appellant says they erred in judgment; that he is *aggrieved* by it, and that the constitution secures to him the right of appeal.

We are not without abundant authority in analogous cases upon this point.

In the case of *Collier*, appellant, and *Whipple*, appellee, 13 *Wendell* 224, a master sold mortgaged premises, and executed a deed. According to the then practice in New York, upon the master's filing his report of sale, an order for confirmation *nisi* was entered. A judgment creditor petitioned the Chancellor for a resale, and it was ordered. An appeal was taken from the order of the Chancellor, and the right of appeal not questioned.

In the case of *Tripp*, appellant, and *Cook*, appellee, 26 *Wendell* 143, a resale was ordered by the Chancellor. On the appeal from this order it was insisted it was a matter altogether in the discretion of the court, and this point was decided by the court. The Chancellor's order was reversed.

The case of *Delaplaine* v. *Lawrence, administrator, and others*, 10 *Paige Ch. R.* 602, is a case directly in point. The administrator sold certain lots under the order of the surrogate. When the report of sales came in he confirmed the sale of part of the lots, and the residue he ordered to be put up again and sold. C. B. Lawrence, one of the heirs, applied for a resale, and gave security that the property should produce a certain amount specified. Delaplaine, who was the purchaser, appealed to the Court of Chancery, to which court the appeal was given by the New York statute. The Chancellor says : " In sales made by masters under decrees and orders of this court, the purchasers who have bid off the property, and paid their deposits in good faith, are considered as having acquired inchoate rights, which entitle them to a hearing upon the question whether the sales shall

be set aside. And if the court errs by setting aside the sale improperly, they have a right to carry the question by appeal to a higher tribunal." See 2 *R. S.* 610, § 104.

But it was asked by the counsel, on the argument, what decree will this court make in the premises, should it come to the conclusion that the Orphans Court erred? Will it order the court to *approve* what they 'conscientiously declare they cannot approve? No deed can be given—no title be made by this court; the sale must first be *approved* by the Orphans Court, and this they refuse. Will this court *force* their consciences?

I really do not see the slightest difficulty of the Orphans Court carrying into effect the decree of this court, be it what it may, without any compunctions or violations of conscience. They have conscientiously discharged their duty; they have pronounced their judgment upon the law and the facts submitted to them; they are ready and willing to carry that judgment into effect. But the law of the land interposes; their judgment is appealed from; the constitution now substitutes the judgment of this court in the place of theirs; and when this court shall pronounce its judgment, if it differs from theirs, by the law it supersedes their judgment, and it becomes obligatory on their consciences to carry the judgment of this court into effect in the stead of their own. The decree of this court will be, that, according to the law, the Orphans Court ought to approve the sale of the commissioners, order it confirmed, and a deed to be given to the purchaser. It will be an approval which they give under the directions of a higher tribunal, and for which that tribunal is responsible, and not they. All that court will have to do will be to carry the decree of this court into effect, and I do not see but that they can do it without any conscientious scruples. The proceedings will have been all according to law, and the court below will be called upon simply to discharge its duty.

The motion to dismiss the appeal is denied.